BML Props. Ltd. v China Constr. Am., Inc. (2025 NY Slip Op 02030)

BML Props. Ltd. v China Constr. Am., Inc.

2025 NY Slip Op 02030

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Moulton, J.P., González, Higgitt, Michael, JJ. 

Index No. 657550/17|Appeal No. 4072-4073|Case No. 2024-06623, 2024-06624|

[*1]BML Properties Ltd., Plaintiff-Respondent,
v
China Construction America, Inc., Now Known as CCA Construction Inc., et al., Defendants-Appellants, Does 1-10, et al., Defendants. 

Debevoise & Plimpton LLP, New York (Maura K. Monaghan of counsel), for appellants.
Susman Godfrey LLP, New York (Jacob W. Buchdahl of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered October 31, 2024, awarding plaintiff damages, interest, costs, and disbursements in the total amount of $1,642,598,493.15, and bringing up for review an order, same court and Justice, entered October 21, 2024, as clarified by a supplemental order entered October 28, 2024, which, after a nonjury trial, adjudged defendants liable to plaintiff in the amount of $845 million plus prejudgment interest on $830 million running from May 1, 2014 through March 31 2015, and on $845 million running from April 1, 2015 to the date of the judgment, unanimously affirmed, with costs. Appeal from October 21, 2024 order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
This action stems from the breakdown of a multibillion-dollar project to build a resort complex in the Bahamas. Nonparty Baha Mar Ltd., a Bahamian entity, was the owner and developer of the project. Plaintiff BML Properties Ltd., another Bahamian entity, was the direct parent of Baha Mar, owned 100% of its voting shares, and was responsible for its day-to-day management. Defendant CSCEC Bahamas, Ltd., a Bahamian entity, was the sole minority shareholder of Baha Mar under an investors agreement. Defendant CCA Bahamas Ltd., another Bahamian entity, was the construction manager for the project. Defendant CCA Construction, Inc. was an affiliate of the other defendants; it was not a party to any of the project agreements but was nonetheless involved and had overlapping offices and executives, including one Taizhong Wu, who was an executive of CCA Construction and CCA Bahamas and was appointed to Baha Mar's board on behalf of CSCEC Bahamas.
After a series of delays that ultimately prevented the resort from opening, plaintiff filed for bankruptcy. Plaintiff commenced this action in 2017, asserting causes of action for, among other things, breach of contract and fraud. Plaintiff also sought to pierce the corporate veil, asserting that the defendants were alter egos of one another. The matter ultimately proceeded to a nonjury trial, which took place over 11 days, with 20 witnesses and more than 1000 documentary exhibits.
On appellate review of a nonjury trial, the decision of the fact-finding court should not be disturbed unless it is obvious that the court's conclusions could not have been reached under any fair interpretation of the evidence (see Lehman Bros. Intl. (Europe) v AG Fin. Prods., Inc., 225 AD3d 474, 475 [1st Dept 2024]). Under this deferential standard, we find no basis to disturb the trial court's award.
In a prior appeal in this matter, this Court found that representatives of CSCEC Bahamas were required to act at all times in Baha Mar's best interests (BML Props. Ltd. v China Constr. Am., Inc., 226 AD3d 582, 583 [1st Dept 2024]). In light of this prior ruling, the trial court properly construed the "best interest" provision in the investor agreement to require Wu, CSCEC Bahamas' designated [*2]board member, to act in the best interests of the project at all times with respect to any of his actions or decisions affecting the project, and regardless of whether he was acting as a director or was acting in a different capacity (id.). Wu's actions — for example, stripping manpower and resources from the project, diverting funds from the project that were meant for subcontractors, and causing or authorizing delays — contravened Baha Mar's and the project's best interests and therefore breached the investor agreement. The breaches, in turn, prevented the resort from opening and resulted in the loss of plaintiff's entire investment. Furthermore, loss of the investment constituted direct damages, not consequential ones, as defendants' breaches prevented the resort from opening, thus causing plaintiff's financial collapse and bankruptcy (see GSCP VI Edgemarc Holdings, L.L.C. v ETC Northeast Pipeline, LLC, 2023 NY Slip Op 33721[U], *10 [Sup Ct, NY County 2023]).
We reject defendants' contention that the trial court failed to apply the correct scienter standard and therefore erred in holding defendants liable for fraud. Internal company communications introduced at trial showed that although CCA Bahamas told plaintiff that the project was on track for a March 27, 2015 opening date, CCA Bahamas did not, in fact, believe that it would be possible for the resort to open on that date. Thus, the evidence established that defendants misrepresented their ability to perform, which is sufficient to support a finding of fraud (see Shear Enters., LLC v Cohen, 189 AD3d 423, 424 [1st Dept 2020]).
As for the award of damages, the trial court properly awarded plaintiff the value of its investment. Defendants note that although the investment was made in 2011, the fraud occurred in 2014 and 2015. However, plaintiff's claim is that the fraud caused it to lose its investment because it took steps in reliance on the misstatements that precipitated the financial collapse once the project failed to open.
The trial court also properly found that defendants waived the application of Bahamian law (CPLR 4511). Although defendants gave notice of the intent to invoke foreign law on the eve of trial, they did not give the court "sufficient information" under CPLR 4511 to make a ruling on the law or to apply it, as they did not offer the information until their posttrial brief. Offering the information at such a late date impairs the trial court's ability to make proper rulings and is unfair to the opposing party.
Finally, the trial court properly found that under New York law, defendants' corporate veils should be pierced. The evidence in the record, which was largely unrebutted, shows that CCA Construction exercised complete domination of CCA Bahamas and CSCEC Bahamas, and that the domination was used to breach the investor agreement, defraud plaintiff, and cause the collapse of Baha Mar, resulting in plaintiff's injury (see Morris v State Dept. of Taxation & Fin., 82 [*3]NY2d 135, 141 [1993]). In fact, the trial court made detailed findings as to both veil-piercing elements.
We have considered defendants' remaining contentions, including the contention that the trial court improperly applied a "reckless disregard for the truth" standard of scienter, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025